**YA RONG REN, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–0417–ag.

United States Court of Appeals, Second Circuit.

Sept. 13, 2007.

Chun W. Wong, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lisa Arnold, Senior Litigation Counsel, Jamie Dowd, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Ya Rong Ren, a native and citizen of China, seeks review of a January 17, 2007 order of the BIA affirming the August 3, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for relief under the Convention Against Torture ("CAT"). *See*

*In re Ren,* No. A97–341–808 (B.I.A. Jan. 17, 2007), *aff'g* No. A97–341–808 (Immig. Ct. N.Y. City Aug. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When—as in Ren's case—the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews questions of law and the application of law to undisputed fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, we review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's determination that Ren failed to establish eligibility for relief under the CAT. "To establish eligibility for protection under the CAT, an applicant bears the burden of proving that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.' " *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005) (quoting 8 C.F.R. § 1208.16(c)(2)).

In support of her CAT claim, Ren points to her testimony regarding the alleged beating of her father, as well as several documents indicating that detainees in China have, at times, been subjected to physical mistreatment. These articles provide little evidence that it is more likely than not that Ren will be tortured if returned to China. Additionally, as noted by the IJ, Ren failed to produce any evidence regarding the alleged beating of her father.

We have previously held that evidence "establish[ing] that (1) many repatriated Chinese citizens have been placed in administrative detention, (2) conditions in administrative detention facilities are 'similar to those in prisons,' and (3) there have been several documented instances of Chinese prisoners having been tortured, do[es] not compel a reasonable adjudicator to conclude that [a] petitioner would more likely than not be subjected to torture if removed to China." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 157–58 (2d Cir.2005). Here, although some of the documentary evidence in the record indicates that prisoners in China have been tortured, Ren has not established that she is more likely than not to be tortured if forced to return to China. *See id.; Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Thus, the IJ's denial of Ren's application for CAT relief is supported by substantial evidence. *See Mu Xiang Lin,* 432 F.3d at 159.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).